IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY LEE KELLER,

    Petitioner,

v.

VINCENT S. CULLEN, Warden,

    Respondent.

No. C 10-04162 SBA (PR)

**ORDER GRANTING IN FORMA PAUPERIS STATUS; DISMISSING ACTION; AND TERMINATING PENDING MOTION AS MOOT**

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a restitution fine entered by the Santa Clara County Superior Court in 2009 as part of his six-year sentence. Petitioner also seeks leave to proceed in forma pauperis.

For the reasons discussed below, the Court DISMISSES the petition.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. Id. at 978-79. The second usage (i.e., that the application may be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. Id. at 980.

As grounds for federal habeas relief in the present case, Petitioner claims that "the judge charged [him] to [sic] much for [his] restitution for a used cell phone that [he] broke." (Pet. at 7.)

The federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. Bailey, 599 F.3d at 980. In Bailey, the petitioner

pleaded guilty and was ordered to pay restitution. He filed a section 2254 petition alleging that his counsel provided ineffective assistance by not objecting to the restitution order. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet section 2254's "in custody" requirement for jurisdiction. Id. The Ninth Circuit concluded that section 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution order. Id. at 981.

Here, Petitioner's claim challenges only the restitution fine imposed. Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner does not claim that his custody or conviction is unlawful. Petitioner's claim that the trial court exceeded its statutory authority by imposing an excessive restitution fine fails to satisfy the second custody requirement because success on the claims might cause the restitution fine to be set aside but would not affect any restraint on his liberty. See Bailey, 599 F.3d at 980-81 (the "elimination or alteration of a money judgment, does not directly impact -- and is not directed at the source of the restraint on -- [a petitioner's] liberty" as long as he has to serve the rest of his prison sentence in the same manner). Therefore, this Court lacks jurisdiction to consider Petitioner's challenge to the restitution order imposed by the trial court. Accordingly, the instant action is DISMISSED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for want of "in custody" jurisdiction. Petitioner's application to proceed in forma pauperis is GRANTED.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions as moot, including Plaintiff' motion for appointment of counsel (docket no. 5), and close the file.

This Order terminates Docket nos. 4 and 5.

IT IS SO ORDERED.

DATED: 11/9/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.10\Keller4162.dismiss.wpd 2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE KELLER,<br><br>    Plaintiff,<br><br>  v.<br><br>VINCENT S. CULLEN et al,<br><br>    Defendant.    / | Case Number: CV10-04162 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry L. Keller G64015
San Quentin State Prison
San Quentin, CA 94974

Dated: November 10, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Keller4162.dismiss.wpd 3